## HANSEN v. UNITED STATES.
### No. 9524.

Circuit Court of Appeals, Eighth Circuit.

Oct. 7, 1932.

James T. English, of Omaha, Neb., for appellant.

Edson Smith, Asst. U. S. Atty., of Omaha, Neb. (Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb., and Lawrence I. Shaw, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before KENYON, GARDNER, and SANBORN, Circuit Judges.

### PER CURIAM.

The appellant and Carl Johnson were charged with four violations of the National Prohibition Act (27 USCA) under an indictment in four counts. The first count charged sale of intoxicating liquor on January 4, 1930; the second count, sale of intoxicating liquor on January 10, 1930; the third count, possession of intoxicating liquor on January 10, 1930; and the fourth count, maintaining a common nuisance, all at a soft drink parlor in Omaha, Neb. Both defendants entered pleas of not guilty. The court directed a verdict in favor of Carl Johnson as to the first, third, and fourth counts of the indictment, and the jury found him not guilty as to the second count. A verdict of guilty on all four counts was returned against the appellant Hansen, and he was sentenced to serve nine months in the jail of Douglas county, Neb., on counts 1, 2, and 4, the sentences to run concurrently, and to pay a fine of $100 on count 3. From this judgment he has appealed. He assigns as error the failure of the court to grant his motion for a directed verdict at the close of the testimony. There was direct evidence of a purchase of two drinks of whisky and one-half pint of whisky from the appellant by Agent Thompson in the appellant's soft drink parlor on January 4, 1930. There was direct evidence of the purchase by the same agent of one drink of whisky on January 10, 1930, and the ordering by him of two half pints of whisky, which were procured by Johnson for Hansen, and delivered to Hansen, but not delivered to the agent because of the fact that the raiding party came in as Hansen was about to deliver the bottles, and thereupon Hansen attempted to destroy the evidence. In addition, there was direct evidence of the finding of Hansen's "plant," a copper container under the floor, which contained ten gallons of colored moonshine whisky. There was a small hole in the floor, through which whisky could be drawn from the tank by means of a copper hose and syringe, which the testimony indicated was found upon the person of Johnson. Hansen's story was that he made no sales, and that the whisky in the "plant" was given him by "the fellows," and kept for his own personal use.

The appellant complains of the failure of the court to sustain his objection to Exhibit 3, the half pint bottle containing whisky, which the government claimed had been purchased by the agent, Thompson, on January 4, 1930. Thompson at first testified that he did not know where this bottle was, and thereupon counsel for the appellant demanded that it be produced. The government produced it; it was identified by Thompson, offered in evidence, and received over the objection of the appellant. The fact that Thompson at first denied that he knew where the bottle was, and that it was subsequently produced and identified by him, went to the weight of the evidence, but not to its admissibility.

The appellant also charges misconduct on the part of the government's witness Thompson, which prevented him from having a fair trial. It appears that in cross-examining Thompson, appellant's counsel asked him this question with reference to the informer who he had testified accompanied him on his first visit to the appellant's place: "Did you send him in to this place in advance of you?" The answer was: "He came to me and wanted me to go down there and said his son had been down there the night before and they got him drunk and they robbed him of all his

pay check." Counsel moved to strike the answer as not responsive. The court then said: "Part of that is responsive. The question was, did he send him in there, and he said, 'He came to me'—. I will sustain the objection." Counsel preserved no exception to the remarks of the witness or to the ruling of the court. The failure of the appellant to preserve an exception in the court below renders it unnecessary for this court to give any consideration to this assignment of error; and, in attempting to raise this question now, the appellant apparently seeks to magnify an incident which was evidently regarded as trivial at the trial.

There is no merit in any of the contentions of the defendant.

The judgment is affirmed, and the mandate of this court will issue forthwith.